PER CURIAM.
Both plaintiff-appellant and defendants-appelleees have filed application for a rehearing.
In their application for rehearing, the defendants-appellees have assigned five alleged errors committed by us, viz: (1) In not sustaining their motion to dismiss the appeal; (2) in reversing the lower court *300 on questions of facts; (3) “in completely-discounting the findings of the eminent orthopedic experts”; (4) in finding plaintiff partially disabled and (5) in failing to apply the ruling of the Supreme Court in Scott v. Hillyer, Dentsch, Edwards, Inc., 217 La. 596, 46 So.2d 914.
In reply to their first assignment of. error, we are of the opinion that we have not committed any error in our opinion for the reason that it is now well established that an appeal is favored and will not be dismissed except for good reasons and not merely upon technical grounds.
As to. the remaining assignment of errors, the assigned errors go to the merits of: .the case. After a thorough .reconsideration-of the case, we fail to see any merits in the assigned errors. Furthermore, it is our mandatory duty, in accordance with the present constitution, to consider the case both upon the law and the facts and to decide the case accordingly, and in the event we are of the opinion that the district court has erred, it is our duty to reverse the judgment and proceed to render the judgment which we feel that the evidence and the law justifies.
As to plaintiff-appellant’s application for rehearing, he avers that we should have granted him compensation for 400 weeks rather.than 300 weeks. Upon reconsideration of the case we are still of the firm opinion that under the facts of this case plaintiff is only partially permanently ■ disabled and therefore not entitled to compensation beyond 300 weeks.
Both applications are refused.